UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE


CIVIL ACTION NO. 07-05-GWU


TINA VANCE,                                                        PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Tina Vance brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income.  The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-05  Vance

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

07-05  Vance

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

07-05  Vance

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

07-05  Vance

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

6

portrays the plaintiff's physical and mental impairments.  Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Vance, a 30 year-old former certified nurse's assistant with a "limited" education, suffered from impairments related to degenerative disc disease of the lumbar spine, headaches, and obesity.  (Tr. 15-16).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 23).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Id.).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Dean Owen included an exertional limitation to medium level work along with such non-exertional restrictions as a "moderate" limitation of ability to maintain attention and concentration for extended time periods and a need to avoid vigorous aerobic type activity such as running, constant lifting, and prolonged climbing.  (Tr. 324).  In

response, Owen identified a significant number of jobs in the national economy which could still be performed.  (Tr. 324-325).  Therefore, assuming that the vocational factors considered by the vocational expert fairly depicted Vance's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Vance's physical condition.  Dr. Ronald Brown (Tr. 194) and Dr. Humilidad Anzures (Tr. 195-196), the non-examining medical reviewers, each opined that the plaintiff's physical problems were "less than severe."  The ALJ's findings are compatible with these opinions.  Such treating and examining sources as the staff at Methodist Hospital (Tr. 123-150), the staff at the Spine and Brain Neurosurgical Center (Tr. 151-156), the staff at the Our Lady of the Way Hospital (Tr. 157-166A), Dr. Joseph Koenigsmark (Tr. 171-178), the staff at the Mud Creek Clinic (Tr. 201-262, 284-286, 291-297) and Dr. Naveed Ahmad (Tr. 287-290) did not identify the existence of more severe physical restrictions than those found by the ALJ.  Therefore, substantial evidence supports the administrative decision.

Vance argues that the ALJ erred in finding that she did not suffer from a "severe" mental impairment.  As previously noted, the ALJ did include a limitation concerning attention and concentration in the hypothetical question.  Psychologist Gerald Lima examined the plaintiff and diagnosed an anxiety disorder.  (Tr. 169).  However, the claimant's Global Assessment of Functioning (GAF) was rated at 61

07-05  Vance

to 70.  (Id.).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34.   The examiner imposed no mental limitations and specifically reported that she would be able to understand simple instructions, have no difficulty recalling information, would be able to concentrate well and complete tasks in a normal amount of time, would do well in social contacts including supervisors and co-workers, and cope well with stress and pressures found in a work setting.  (Tr. 169-170).  Psychologists Lea Perritt (Tr. 179) and Edward Ross (Tr. 263), the non-examining medical reviewers, each opined that the plaintiff's mental problems were not severe.  These reports provide substantial evidence to support the administrative decision.

Vance asserts that the ALJ erred in dealing with a report from Mountain Comprehensive Care Center (MCCC) where she was diagnosed as suffering from a depressive disorder and her GAF was rated at 50, suggesting the existence of "serious" psychological symptoms.  (Tr. 200).  The record indicates that the plaintiff was only seen at MCCC on the one occasion and the staff does not appear to have been a treating source entitled to superior weight.  Specific mental limitations were not identified and the GAF was offset by that issued by Lima, the consultative examiner.  The claimant argues that the ALJ erred in failing to make reference in

9

07-05  Vance

the text of his decision as to why this GAF score was rejected.[1]  However, the ALJ did make reference to the MCCC examination, noting that it revealed a good mental status examination.  (Tr. 17).  A GAF score is not essential in determining an individual's residual functional capacity.    Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 202).  Therefore, under these circumstances, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 7th day of November, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

---

[1]In the unpublished decision of DeBoard v. Commissioner of Social Security, No. 05-6854 , 2006 WL 3690637 (6th Cir. December 15, 2006), the Sixth Circuit Court of Appeals noted "we have previously held that the failure to reference a Global Assessment of Functioning score is not, standing alone, sufficient ground to reverse a disability determination."